### 5071.　ROBERSON *v.* MARTIN.

1. No defense having been filed within the time required by law, and no valid excuse being offered therefor, the court did not err in sustaining the motion to strike an answer filed after that time.
2. The court erred in rendering judgment for attorney's fees. ·

DECIDED NOVEMBER 25, 1913. ON REHEARING, JUDGMENT ADHERED TO, FEBRUARY 4, 1914.

Motion to open default; from city court of Blackshear—Judge McDonald. June 11, 1913.

*Thomas & Gibbs,* for plaintiff in error.

*Memory & Summerall,* contra.

ROAN, J. 1. Suit on a promissory note was brought to the December term, 1912, of the city court of Blackshear, and was duly served on the defendant. At the December term of the court the case was called by the judge, and, no defense having been filed, was marked in default, the entry of default being made on December 9, 1912. At the December adjourned term, which convened more than thirty days after the entry of default was made, the defendant, without any motion being made to open the default, filed an answer, admitting the execution of the note, but denying the indebt-

edness thereon, and setting up other matters of defense. No motion to open the default was made prior to the June term, 1913. A motion was then filed, on June 11, 1913. By the act creating the city court of Blackshear (Acts of 1911, p. 217, section 13) the defendant was required to file her defense on the first day of the term. Not only did she not file any defense at that term, but no defense was filed until January 13, 1913, more than thirty days after the case was marked in default; and when she did file it in January she was not authorized to file it, as the default had not been opened. She allowed the next term—the March term—to pass without having moved to open the default, and no formal motion for the purpose was made until the June term. As matter of absolute right, under the law, she could, on payment of accrued costs, have filed her answer any time within thirty days after default was made. She failed to show any good reason for this omission. She testified, on the hearing of her motion to open the default, that she was sick about a week before the sitting of the regular December term, 1912, but she did not testify that her sickness continued until the adjourned term convened, and did not render any valid reason why she could not have filed her answer between the adjournment of the regular December term and the convening of the adjourned term on January 13, 1913. She failed to state the character of her sickness or how serious it was. This statement was the only explanation offered for her failure to file her answer at the December term. The court overruled the motion to open the default and sustained a motion to strike the answer; and error is assigned on these rulings.

The filing of the answer on January 13, 1913, when the case had been marked in default more than thirty days, was not authorized by law; hence the court ruled properly in sustaining the motion to strike the answer. Rules of the superior court apply as to opening defaults in the city court of Blackshear. The act creating the court (Acts of 1911, p. 226, section 38) provides as follows: "Such defaults shall not be opened except in the manner provided for opening defaults in the superior courts of this State." Rules of the superior court, applicable to the opening of defaults, provide as follows (Civil Code, §§ 5654-6): "At any time within thirty days after entry of 'default,' the defendant, upon payment of all costs which have accrued, shall be allowed to open the default and

file his defense by demurrer, plea, or answer." "If the default is not opened as provided by the preceding section, the plaintiff shall be entitled, at the trial term, to take a verdict or judgment as the case may require." "At the trial term, the judge in his discretion, upon payment of costs may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for default to be opened on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." Even if it was discretionary with the court to have allowed this default to be opened upon application made at the June term, 1913, it was certainly, under the facts in this case, not an abuse of discretion to refuse to do so.

2. The note sued on contained the usual stipulation for the payment of ten per cent. as attorney's fees for collection. The court, after striking the answer, rendered judgment against the defendant as upon an unconditional contract in writing, for the amount of the note, with attorney's fees as provided for therein. To this judgment the defendant excepted. The court erred in entering judgment for attorney's fees. A judgment such as was suggested in *Valdosta, Moultrie & Western R. Co.* v. *Citizens Bank of Valdosta,* ante, 329 (80 S. E. 913), should have been entered. The admission in the pleadings might have amounted to proof, but the stipulation of the note as to attorney's fees can not be said to be unconditional, and can not be the subject of such a judgment, unless, either by consent of parties or in some instances by waiver of the right to demand a jury trial, the court is sitting as a jury; and in either event the fact should appear in the judgment. The case is controlled by the decision in *Valdosta, Moultrie & Western R. Co.* v. *Citizens Bank of Valdosta,* supra.

The judgment is affirmed, with direction that the plaintiff write off the attorney's fees.          *Judgment affirmed, with direction.*